*Taylor, for appellants.*

---

ANDREW SCOTT *v.* JOHN PINSON ET AL.

**Parent and Child—Deeds—Proof of Payment of Consideration.**
    In the absence of direct proof of payment of the consideration expressed in a deed from a father to his son, he will be held liable therefor.

APPEAL FROM PIKE CIRCUIT COURT.

February 10, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

There is no evidence of the existence of undue influence, nor fraud in the procurement of the deed from William Pinson to

appellee, nor is there any evidence of imbecility, or impairment of the intellect of the grantor, certainly no such failure of mental capacity as to incapacitate him from alienating his estate.

The consideration expressed in the deed is $300, and there is no evidence that the same was paid; appellee claims to have settled it with his father and to have taken a receipt therefor, but he neither files the receipt, nor accounts for his failure to do so.

In several coversations appellee expressed a belief that he could not be compelled to pay said sum on the ground that no note was given for it, but did not claim that it had been paid, or that his receipt embraced it— At the execution of the deed the grantor expressed the belief that the price fixed on the land would be paid in a few weeks, and the receipt as the evidence of Diskins, the draftsman, strongly preponderates to show was only intended to show that whatever claims there might thereafter be set up against appellee for rents and personal estate of his father used by appellee were settled. And the non-production of the receipt strongly fortifies the conclusion that it did not, and was not designed to embrace the price for the land—and there is no pretense that the price was ever paid.

And the conclusion must be that appellee should be made to account for the $300 which is the consideration he agreed to pay.

Wherefore the judgment is reversed and the cause is remanded with directions to render judgment against appellee for three hundred dollars, with interest at the rate of 6 per cent per annum from the 19th of March, 1866, till paid and costs— Which sum will be distributed amongst the heirs of William Pinson to the exclusion of appellee, after the payment of decedent's debts and for furher proceedings consistent herewith.

*Dawson,* for appellant.

*Burns & Auxier,* for appellee.